THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. AMERICAN DAILY PUBLISHING COMPANY, d/b/a S. I. Trader, Defendant-Appellee.

Fifth District No. 5—84—0174

Opinion filed July 11, 1985.

Michael P. O'Shea, Jr., State's Attorney, of Cairo (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Paul M. Caldwell, of Caldwell, Troutt, Alexander, Quindry & Popit, of Benton, for appellee.

PRESIDING JUSTICE JONES delivered the opinion of the court:
This is an appeal by the State from an order dismissing an infor-

mation charging the defendant with the offense of advertising a look-alike substance in violation of section 404(b) of the Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1404(b)).

The defendant, American Daily Publishing Company, is the owner and publisher of a newspaper or circular called the S. I. Trader. The S. I. Trader is principally a publication in which people place advertisements for goods and property they would like to buy or sell.

On August 10, 1983, the S. I. Trader published an advertisement for diet pills placed by a third party identified as "D.M." The advertisement listed a Missouri post office box number to which people could send orders and a Missouri number for telephone calls.

On August 12, 1983, the State filed an information charging the defendant with the offense of advertising a look-alike substance under section 404(b) of the Controlled Substances Act. The information did not charge the defendant with knowing that the substance for sale was a look-alike drug, but with having knowingly advertised a look-alike substance. The defendant filed a motion to dismiss the information. The circuit court held that the charge against the defendant failed to allege a criminal offense because the defendant was not an advertiser within the meaning of the statute, and it dismissed the information. This appeal followed and we affirm.

This is a case of first impression since no Illinois court has construed section 404(a)(1) or section 404(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, pars. 1404(a)(1) and (b)). Section 404(a)(1) reads as follows:

> " 'Advertise' means the attempt, by publication, dissemination, solicitation or circulation, to induce directly or indirectly any person to acquire, or enter into an obligation to acquire, any substance within the scope of this Section."

Section 404(b) reads as follows:

> "It is unlawful for any person knowingly to manufacture, distribute, advertise, or possess with intent to manufacture or distribute a look-alike substance. Any person who violates this subsection (b) shall be guilty of Class 3 felony, the fine for which shall not exceed $150,000."

Examination of statutes in other States has revealed that similar statutes in some States, such as Wisconsin (Wis. Stat. Ann. sec. 161.41(4)(a) (West Supp. 1984)) and Oklahoma (Okla. Stat. Ann. tit. 63, sec. 2—401 (1984)) do not mention advertising, while statutes of other States, such as Nevada (Nev. Rev. Stat. sec. 453.332(4)(b) (Supp. 1982)) and Colorado (Colo. Rev. Stat. sec. 18—5—601 (1984)), prohibit one from *placing* an advertisement, not publishing one.

■ The circuit court interpreted section 404(a)(1) in the following manner in arriving at its decision to dismiss the charges against defendant. One who "advertises," as required by section 404(a)(1), is attempting to induce others to acquire a look-alike substance. The defendant here merely sold space in its paper for use of the third party in inserting his advertisement; it did not attempt to induce any person to acquire a look-alike substance.

We believe the circuit court was correct in its analysis and its ruling.

The position of the State is that defendant advertised because it published. Webster's Third New International Dictionary defines "publication" as "communication (as of news or information) to the public." Defendant did this, of course, when it carried the advertisement in question as placed by the third party, "D.M." However, such "communication to the public" does not bring "publication" within the statutory definition of "advertise" as contained in 404(a)(1) since it lacks the additional requirement of the statute that the publication be made "to induce *** any person to acquire *** a controlled substance."

The interpretation the State places on the statutory provisions in question is overly technical and places an unwarranted, and we believe wholly unintended, burden on publishers. In a somewhat analogous statutory setting, where the legislature addressed a prohibition against false or fraudulent advertising, the legislature expressly exempted from penalty any publisher that publishes or disseminates false or fraudulent advertising in good faith and without knowledge of the deceptive character of such advertising. Ill. Rev. Stat. 1983, ch. 121½, par. 157.21d.

■ In the case under consideration, the standard the State seeks to have imposed upon publishers by its interpretation of the statutes here is well beyond the confines of what is reasonably to be expected of publishers of advertisements. The advertisement that was the subject of the information was not created by the defendant. It was created by an unknown third party, "D.M." The defendant had no pecuniary interest in the sale of the pills. The defendant had no supplies from which to fill orders and it was not a conduit for the sale of the pills, nor was the defendant an agent for the person who placed the advertisement for publication. The defendant simply supplied space for the third party to place the advertisement. It did nothing of its own volition to induce anyone to buy the pills.

The party placing the advertisement within the purview of 404(a)(1) was the party who was advertising in the publication that he

had diet pills for sale. He was making the information known to the public through his advertisement. The third party chose to place an advertisement in the S.I. Trader, and defendant thereby became simply a vehicle used by the third party to advertise, not a willing participant in the illegal sale of look-alike drugs and not one the legislature intended to make criminally responsible as an advertiser of look-alike drugs.

Affirmed.

KARNS and KASSERMAN, JJ., concur.